Baldwin, J.
delivered the opinion of the Court.
The Court is of opinion, that the 30th section of the act establishing the Circuit Superior Courts, Sup. Rev. *457 Code, p. 145, which authorizes appeals as a matter of right, to the said Courts, from sentences or orders of the County and Corporation Courts, in controversies concerning the probat of wills, or letters of administration, embraces the case of a sentence or order made under the 41st section of the act concerning wills, intestacy and distributions, 1 Rev. Code, p. 385, revoking, whether absolutely or conditionally, for any of the causes in that section mentioned, the powers of the executor or administrator, with a view to the appointment in his stead of an administrator de bonis non, or the committing the estate to the sheriff. And, therefore, that the appeal in the present case from the County to the Circuit Court was not improvidently granted.
The Court is further of opinion, that by the 21st and 35th sections of the last mentioned act, directing that executors and administrators, upon their original qualification, shall give bond and security, in such penalty as will be equal to the full value of the estate at the least, it was intended that the Court should have a discretion in regard to the amount of the security; and that the general practice of requiring it in double the estimated value of the estate, is a proper exercise of that discretion ; inasmuch as it provides, in a great measure, for unexpected accessions to the amount of the assets, and the insolvency or partial failure of some of the securities. But that the subsequent insufficiency of the securities, provided for by the 41st section of said act, is not an inability to pay the penalty of the bond, but an inability to afford adequate protection to creditors, legatees, distributees, and other persons interested in the estate • and the other good security, which the Court is thereby authorized to require, is not contemplated to be in lieu of, or by way of substitution for, the former security, but in addition thereto: the former securities being in no wise exonerated. And that in determining the amount for which the other good security ought to be required, *458 regard ought to be had to the value of the estate remaining unadministered, including any accessions thereto beyond the original estimate thereof, and to the extent of the available security still furnished by the original bond.
And the Court is further of opinion, that, it appearing from the record there was no evidence introduced to shew any diminution in the value of the estates of Talley, Jones and M ’ Ghee, three of the original securities, who had been estimated upon their affidavits, when received, as worth, after payment of their debts, respective sums amounting in the aggregate to 19,000 dollars, the County Court erred, under the circumstances of the case, in requiring the administrator to give other good security in the same penalty as the original bond, to wit, the sum of 48,000 dollars.
And it appears to the Court, from the record, that there was no new evidence introduced before the Circuit Court; but that the cause was there heard, by agreement of the parties, upon the evidence which had been introduced before the County Court, as stated in the record of that Court; which statement is defective in this, that it states the plaintiff offered evidence to prove a diminution in the value of the estates of Frances Bailey, William Atkinson, and Elizabeth Atkinson, three others of the original securities, in respective sums amounting in the aggregate to 15,000 dollars, without setting forth that evidence, or stating what facts it proved; and in this, that it states the defendant offered evidence to prove that he had distributed to the plaintiff about the sum of 2500 dollars, and had paid in discharge of debts against the estate of the intestate, and distributed the further sum of 2500 dollars; without setting forth the last mentioned evidence, or stating what facts it proved. The Court is therefore of opinion, that the evidence before the Circuit Court was too imperfect to enable that Court, or this, to determine advisedly what additional security, if any, ought to be required of the administrator.
*459 And the Court, without deciding whether it was the intent of the Circuit Court, by its judgment, to direct the new bond and security which it required, to be taken in that Court, is of opinion that the order of an appellate Court requiring other good security from an executor or administrator, should be directory only, to the Court that originally granted the probat or administration : the latter Court alone having authority to receive the additional bond and security.
Therefore, it is considered by the Court, that the said judgment of the Circuit Court be reversed and annulled, with costs. And this Court proceeding to render such judgment as the said Circuit Superior Court ought to have rendered, it is further considered that the judgment of the County Court be reversed and annulled, with costs. And it is ordered, that the cause be remanded to the said Circuit Superior Court, and thence to the County Court, with directions to hear and decide the same de novo, upon such proper evidence as shall be introduced by the parties ; and in conformity with the principles above declared : which is ordered to be certified to the said Circuit Superior Court.